# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN LEUSCH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case No. 3:19-CV-00772-L-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION [DOC. 14]; AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DOC. 8]** |

Plaintiff Ryan Leusch ("Leusch") brings an individual action against Defendant Uber Technologies, Inc. ("Uber") for violations of the Telephone Consumer Protection Act ("TCPA"). Pending before the Court is Uber's motion to compel arbitration and stay the action pending arbitration [doc. 14]. Leusch opposed the pending motion and Uber replied. Docs. 17, 18. Pursuant to Civil Local Rule 7.1.d.1, the Court decides this matter on the briefs as the issues were suitable for disposition without oral argument. For the reasons set forth below, the Court **GRANTS** Uber's motion and **STAYS** this action. The Court also **DENIES AS MOOT** Plaintiff's motion for preliminary injunction.

### I. **Background**

Uber offers transportation services through a smartphone application called the "Uber App." Uber also provides meal delivery services through a different smartphone application called the "Uber Eats App." Prior to receiving the calls at issue in this case, Leusch used the Uber App for transportation. Despite not using the Uber Eats App, Leusch was called numerous times with the following prerecorded message:

> "Hi. This call is from Uber Eats. Your restaurant is receiving an order request, but it hasn't been accepted. The order can be accepted by clicking the blinking section on the ipad [*sic*]. If you are not ready to accept orders right now, please change the status from accepting orders to pause orders. For any issues, please contact our support team. Thank you."

*See* Doc. 8-3 at ¶¶ 4-6, 17. Leusch contacted Uber at least three times requesting that Uber stop the calls as Leusch (1) does not own or operate any restaurant and (2) has no interest in receiving the above notification. Uber responded that it would look into it, but the calls persisted. Leusch attempted to block the numbers from which the calls were coming, but Uber kept changing the numbers it used to place these calls.

On April 26, 2019, Leusch filed his Complaint alleging TCPA violations

1

against Uber. On May 16, 2019, Leusch filed a motion for a preliminary injunction because he was still receiving the above-mentioned calls from Uber after the lawsuit was filed. One June 7, 2019, Uber filed the instant motion in reliance on its "Terms and Conditions." *See* Docs. 14, 14-2.

## II. **Legal Standard**

It is undisputed that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court must consider two threshold questions to determine whether to compel arbitration: (1) is there a valid agreement to arbitrate? If so, (2) does the agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [Federal Arbitration] Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*

The party resisting arbitration bears the burden of proving that the claims at issue are not suitable for arbitration. *Green Tree Fin. Corp.-Ala. V. Randolph,* 531 U.S. 79, 91 (2000). An arbitration clause can be challenged on "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (internal quotation marks omitted).

The party attempting to compel arbitration must demonstrate "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted). "However, these gateway issues can be expressly delegated to the arbitrator where 'the parties clearly and unmistakably provide otherwise.'" *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 649 (1986)); *see Rent-A-Center*, 561 U.S. at 78 (" '[Q]uestion[s] of arbitrability' thus include questions regarding the existence of a legally binding and valid arbitration agreement[.]").

/ / /

2

### III. Discussion

The key issue presented by the parties concerns whether Leusch agreed to arbitrate the arbitrability of his claims under the Arbitration Agreement. Upon review of the Arbitration Agreement, the Court finds that this question has been delegated to the arbitrator through the following clauses:

"By agreeing to the Terms, you agree that you are required to resolve any claim that you may have against Uber on an individual basis in arbitration, as set forth in this Arbitration Agreement." Doc. 14-2 at 7, Arbitration Agreement.

> "The parties agree that **the arbitrator** ("Arbitrator"), and not any federal, state, or local court or agency, **shall have exclusive authority to resolve any disputes relating to the interpretation, applicability, enforceability or formation of this Arbitration Agreemen**t, including any claim that all or any part of this Arbitration Agreement is void or voidable. **The Arbitrator shall also be responsible for determining all threshold arbitrability issues**, including issues relating to whether the terms are unconscionable or illusory and any defense to arbitration, including waiver, delay, laches, or estoppel."

Doc. 14-2 at 7-8, Rules and Governing Law (emphasis added).

"A delegation clause is enforceable when it manifests a clear and unmistakable agreement to arbitrate arbitrability, and is not invalid as a matter of law." *McLellan v. Fitbit, Inc.*, 2017 WL 4551484, at *1 (N.D. Cal. October 11, 2017) (citing *Brennan*, 796 F.3d at 1130). Here, the above contract language "delegating to the arbitrator[] the authority to determine the validity or application of any of the provisions of the arbitration clause[] constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement," and such language "clearly and unmistakably indicates [the parties'] intent for the arbitrator[] to decide the threshold question of arbitrability." *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (quoting *Rent-A-Center*, 561 U.S. at 68) (internal quotation marks omitted)). Leusch fails to "contest the validity of the delegation provision in particular." *Rent-A-Center*, 561 U.S. at 74. Notably, Leusch does not mention the delegation clause in his opposition to the

3

motion to compel. *See* Doc. 17. Accordingly, the Court "must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving the challenge to the validity of the Agreement as a whole for the arbitrator." *Rent-A-Center*, 561 U.S. at 72.

### IV.  Motion for Preliminary Injunction

Motions for preliminary injunction are weighed against the following factors: (1) the likelihood of success on the merits; (2) the threat of irreparable harm in the absence of the injunction; (3) the balance between harm and injury on the interested parties if the injunction issues; and (4) the public interest. *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007) (citation omitted). As a result of the Court's grant of Uber's motion to compel arbitration, Leusch's motion for preliminary injunction is rendered moot.

### V.  Conclusion

Based on the foregoing, the Court **GRANTS** Uber's motion to compel arbitration [doc. 14] and **STAYS** this action. *See* 9 U.S.C. § 3. The Court also **DENIES AS MOOT** Leusch's motion for preliminary injunction [doc.8]. The Clerk of Court is instructed to administratively close the case. The parties must notify the Court within seven (7) days of the conclusion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: October 29, 2019

_____
Hon. M. James Lorenz
United States District Judge